FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 20  AM 7: 48

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DALE WALTER GLANDERS                         CIVIL ACTION

VERSUS                                       NUMBER: 05-00842

TERREBONNE PARISH CRIMINAL                   SECTION: "K"(5)
JUSTICE COMPLEX, ET AL.

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed  in forma pauperis
by pro se plaintiff, Dale Walter Glanders, against defendants, the
Terrebonne Parish Criminal Justice Complex ("TPCJC") and Warden
Null of that jail facility.  Plaintiff, an inmate of TPCJC at the
time that this lawsuit was filed, complained of a lack of
rehabilitative, educational, and religious opportunities at the
jail, generally unsanitary conditions, and a spider bite to his
hip.  (Rec. doc. 1).

On August 4, 2005, the Court issued a Briefing Order directing
plaintiff to file in the record of this proceeding, on or before
September 6, 2005, a statement of the facts expected to be proven
at trial, a list of documents to be offered as exhibits, and a list

_____ Fee_____
_____ Process_____
**X** Dktd_____
_____ CtRmDep_____
_____ Doc. No _____

of intended witnesses.   (Rec. doc. 7).   A copy of the Briefing
Order was mailed to plaintiff at his address of record but was
subsequently returned to the Court on August 11, 2005 with a
notation that plaintiff was no longer housed at TPCJC. (Rec. doc.
8).  It has now been over thirty (30) days since that mailing was
returned to the Court.[1]/

    Local Rule 11.1E provides, in pertinent part, that "[e]ach
attorney and pro se litigant has a continuing obligation to apprise
the court of any address change."   Local Rule 41.3.1E further
provides that "[t]he failure of an attorney or pro se litigant to
keep the court apprised of an address change may be considered
cause for dismissal for failure to prosecute when a notice is
returned to the court for the reason of an incorrect address and no
correction is made to the address for a period of 30 days."  The
Rule imposes an affirmative obligation on parties to keep the court
apprised of their current mailing addresses and relieves court
personnel of that burden. The importance of this obligation was
noted by the Fifth Circuit years ago when it stated that "[i]t is
incumbent upon litigants to inform the clerk of address changes,
for it is manifest that communications between the clerk and the
parties or their counsel will be conducted principally by mail."

---

[1]/ In calculating this thirty-day period, the Court excludes
the time between September 1, 2005 and November 25, 2005 during
which, per order of the Chief Judge, all deadlines were suspended
as a result of Hurricane Katrina and its aftermath.

<u>Perkins v. King</u>, 759 F.2d 19 (5th Cir. 1985)(table).   Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order.   <u>Lopez v. Aransas County Independent School District</u>, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E.   The complaint that he signed specifically cautioned plaintiff that, "[s]hould ... [he] be released or transferred, it is ... [his] responsibility to keep the Court informed of ... [his] whereabouts and failure to do so may result in this action being dismissed with prejudice."   (Rec. doc. 1, p. 4).   As of this date, plaintiff has also failed to provide the Court with the information sought by the Briefing Order.   The Court must therefore assume that plaintiff has no further interest in prosecuting this case.   As plaintiff is proceeding <u>pro se</u> in this matter, these failures are attributable to him alone.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate

judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this _10_ day of _Duc_____,
2005.


_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE


4